No. _____

FILED
JUN 28 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

A18CV0563LY

# In The
## Western District Court
## of the United States

In Re Markus A. Green
Relator, Pro Se

On Petition For a Writ
of Mandamus under 28 USC §1651

To: Teacher's Retirement System
of Texas,
Respondents

To: The Honorable Judge of Said Court:

Comes Now the Relator, Marthus A. Green, and appearing through Pro Se representation to Petition this court to compel Respondent, of the Texas Teacher's Retirement System to honor its contract obligation to its deceased member, Marjorie Marie Green, and direct all annuity payments in arrears to her only beneficiary, Relator; and in Support of his Request for the Writ of Mandamus Relator would show the following set of facts:

## Jurisdiction:

Is conferred under 28 USC §1331 and This Court has Jurisdiction under 28 U.S.C. §1651 to "issue all Writs Necessary or appropriate" in aid of its jurisdiction and agreeable to the usages and principles of law; and involves Federal Question.

## No Other Adequate Remedy

There is No other adequate Remedy at law to force the immediate return of his unlawfully withheld earnings.

(See <u>Mallard v. Dist Court For S. Dist of Iowa</u>, 490 US 296, 104 L.Ed. 2d 318 109 S.Ct. 1814 (1989).

The Remedy Relator seeks is an extraordinary one; <u>Mallard</u> ID.

## Statement of Case

Relator's Mother, Marjorie M. Green, a school teacher and educator employed by the State of Texas for a total of 35 years, entered into a contract agreement with the State of Texas by and through its administrative arm to purchase an annuity for her son, Relator, whereby upon her death Respondent would be contractually obligated to provide annuity payments for the remainder of his life. Upon her death on December 14, 1988 Respondents began sending annuity payments as contractually obligated.

In 2004, Relator was sued by a licensed attorney Douglas W. Beeson for a breach of contract but the process of service was issued to a person named Markus A. Green and whose TDCJ number was #849571
(See <u>Beeson v. Green, and Bank of America</u> D-1-GN-07-000-797)

pg 3 of 9

(Relator is a Texas Prisoner whose TDC # is #1118715) in order to obtain a default judgment against Relator without the benefit of trial. As a result the Texas Atty. Gen. office was notified of the action and the Respondents began withholding Relator's annuity in 2008 up ~~until~~ to now. Respondents' contract with Relator's Mother was breached and Relator's annuity payments are not garnishable.

Relator had explained to Respondents in a letter that Mr. Beeson had been hired as his attorney for $23,800.00 and permitted him to withdraw $800.00 each month until paid (starting with an initial payment of $13,000.00). Mr. Beeson began ~~stealing~~ by withdrawing as much as $2400.00 out in a single day, on another occasion $1900.00 and his balance never went down.

Since this agreement was violated, Relator instructed Bank of America to remove him from the Power of attorney. Respondent had previously tried to assign the annuity but was informed that it could not be assigned to anyone but him so the Bank declined. Yet, Respondents did assign it in violation of State law and article I section 10 clause (1) of the United States Constitution's Contract clause.

and for more than a decade, Respondent has withheld his monthly annuity of about $1300.00 for an alleged debt of $23,800.00 which was obtained by means of Extrinsic Fraud.

## Arguments

This Contract was made on a Valuable consideration, and it is a contract, the faith of which, real money has been conveyed to the seller (Respondents) and it is therefore a contract within the letter of the Constitution. " No State shall enter into any .... Law impairing the obligation of Contracts ..."; article 1 Sec. 10 (1).

It does not require great intellect or a genius I.Q. to observe that a major incentive for the purchaser (Relator's deceased Mother) of this contract is the assurance and conviction felt by the purchaser that the disposition of his or her benevolence is immutable; otherwise it's improbable that any reasonable person would enter into a contract to purchase an annuity if he or she believed at that time that his or her gift was irrevocable by an act of the seller after his or her death and that the seller (The State of Texas) could then allocate the gift not in accordance with the will of the purchaser but in accordance with the will of the Seller (The Respondents; The State of Texas).

Respondent's contract with its deceased Member, Mrs. Marjorie M. Green, was made with a faithful hope and genuine belief that her act of charity would ~~will~~ flow in the channel that she (as the purchaser of the contract) had instructed. ~~Respondent~~ Relator contends that the framers of the constitution were no strangers to the universality of that sentiment, and consequently, the <u>Contract Clause</u> was established in order to give permanence and security to contracts; entered into by the State with its citizens by segregating them from the interference of government. If an exception can be made (and Respondents say no such exception) then the motive for it must be very powerful to justify any construction to the contrary of the constitutional requirement of permanence.

In the instant case, the whole power of governing and distributing the annuity has ~~now~~ transferred from the S.R.N. agency in accordance with the desire of the purchaser (Marjorie M. Green) as expressed in the contract to another State agency (a State Court), and this is not an immaterial change. Relator's Mother, the owner and purchaser of the annuity contracted not merely for the perpetual distribution of funds as a gift to the object of her benevolence but <u>she paid money</u> in earnest to secure its terms.

Simply put, She purchased a promise from Respondents (The State of Texas) that the annuity would stay in the hands of the person approved by her and this promise has now been ~~violated~~ violated and the Respondents have completely changed the hands, so that the original contract agreed upon no longer exist.

## Authorities

The U.S. Supreme Court by an unbroken line of decisions ~~has~~ has historically established that a State can not rescind its contract obligation. In <u>Fletcher V. Peck</u>, chief Justice John Marshall speaking for the <u>Court</u>, said that the State of Georgia by issuing a grant to sale land to private investors had entered into a contract which could not be rescinded even once the land had passed into the hands of "innocent third parties" because a grant was a contract in the letter of the contract clause; See <u>Fletcher V. Peck</u>, 10 U.S. 87, 3 L. Ed. 162 (1810). Similarly, in <u>Allied Structural Steel Co. V. Spangaus</u>, the Supreme Court struck down the Minnesota legislature's attempt to regulate a <u>pension fund</u> by stating " If the Contracts Clause is to retain any meaning at all... it must be understood to

impose some limits on the power of a State to abridge existing contractual relationships". Allied ID 438 U.S. 234. The Supreme court has held that when State law has operated as a substantial impairment of a contractual Relationship the State must put forth "a significant and legitimate public purpose." Kansas Power & Light, 459 U.S. 400, 103 S.CT. 697, 74 L.Ed.2d 259 (1983).

In the instant case, Respondents entered into a contract with Relator's (deceased) mother and after it received money for the sale it used a State (insurance) law to Rescind the contract from an "innocent third party" (Relator) Fletcher ID. The contract involved annuity payments to Relator from Respondents' (The State) Pension fund; subject to the Contract clause; Allied ID; And Relator argues that because his entire annuity has been with held; even beyond the $23,800.⁰⁰ fraudulent debt owed (10 yrs or more X $1300.⁰⁰ / month) the State's law has operated as a substantial impairment of a Contractual-relationship which demands that Respondents put forth "a significant and legitimate public purpose" Kansas Power & Light ID.

## Prayer For Relief

Wherefore, Relator Prays that this Court will hold a hearing and give Respondents an opportunity to put forth a significant and legitimate public purpose for impairing the contract relationship and upon a finding that it can not, issue the Writ of Mandamus and grant Relator the relief he seeks from Respondents in this Petition for Writ of Mandamus and grant any additional remedy he is justly entitled to in accordance with 28 USC §1651 ($1651).

Signed on this 22nd day of ~~July 20~~ June 2018.

By: Markus a. Green #1118715 Pro Se
Neal Unit B-219-Bottom
9055 Spur Rd. 591
Amarillo, Texas 79107

## Un Sworn Declaration
(28 USC §1746)

I declare under penalty of perjury that:
1) I am indigent
2) I am in imminent danger of serious injury because of a life threatening hernia
3) ~~[crossed out]~~
3) And that I am being truthful with regard to the statements made by me in this Writ of Mandamus

Signed on this 22nd day of June 2018. By: Markusa Green #1118715 Pro Se